UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

**DECISION AND ORDER**

26-CR-6020 CJS CDH

v.

RONDELL ELLIS,

Defendant

---

## INTRODUCTION

Defendant Rondell Ellis ("Ellis") is charged by indictment returned on February 17, 2026, with one count of having possessed ammunition in and affecting commerce while knowing that he had been previously convicted of felony offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Dkt. 17 at 1). The indictment also contains a forfeiture allegation. (*Id*. at 2).

Ellis has filed pre-trial motions seeking: (1) suppression of evidence acquired by the search of his person and/or property; (2) suppression of evidence "associated with searches conducted as a result of swabs taken from [his] person"; (3) suppression of statements; (4) disclosure of informant information; (5) disclosure of witness statements pursuant to 18 U.S.C. § 3500; (6) relief in limine pursuant to Federal Rules of Evidence 404(b), 608, and 609; (7) disclosure of *Brady*[1] material; (8) "full discovery and inspection"; (9) preservation of rough notes; and (10) disclosure of law

---

[1]    *Brady v. Maryland*, 373 U.S. 83 (1963).

enforcement personnel files. (Dkt. 27). The government has opposed Ellis's motions. (Dkt. 29). I heard oral argument on Ellis's motions on June 10, 2026 and reserved decision. (Dkt. 31).

In a contemporaneously issued Report and Recommendation (Dkt. 32), I have recommended that the District Judge deny Ellis's motions for suppression. My resolution of Ellis's remaining motions is set forth below.

## FACTUAL BACKGROUND

The factual background set forth in the contemporaneously issued Report and Recommendation (*see* Dkt. 32 at 2-5) is incorporated by reference herein.

## DISCUSSION

### I.    Motion for Disclosure of Informant Information

Ellis seeks the disclosure of various information regarding confidential informants. (Dkt. 27-1 at 9). "The government is not generally required to disclose the identity of confidential informants." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Accordingly, a defendant seeking such disclosure "bears the burden of showing the need for disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *Id*. (citations omitted). The Second Circuit has explained that:

> Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity.

*Id*. "[I]t is not sufficient to show that the informant was a participant in and witness

- 2 -

to the crime charged"—rather, the informant must be a "key" witness or participant, such that their testimony would be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988).

The government has represented that it does not intend to call a confidential informant as a witness at trial in this matter. (Dkt. 29 at 15-16). Ellis has not demonstrated that there is any confidential witness in this matter whose identity is material to his defense. Accordingly, his motion seeking disclosure of information regarding confidential informants is denied.

## II.    Production of Jencks Act Material

Ellis seeks production of witness statements pursuant to 18 U.S.C. § 3500 (the "Jencks Act"). (Dkt. 27-1 at 16-17). The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "[D]istrict courts lack the power to mandate early production of Jencks Act material." *United States v. Morgan*, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010); *see United States v. Coppa*, 267 F.3d 132, 145-46 (2d Cir. 2001).

The government has represented that it will provide Jencks Act materials "in advance of the trial, consistent with the District Court's pretrial order." (Dkt. 29 at 16). The Court lacks the authority to require any earlier disclosure by the government, and Ellis's request for earlier disclosure is accordingly denied.

### III.    <u>Federal Rules of Evidence 404(b), 608, and 609</u>

Ellis seeks disclosures pursuant to Federal Rules of Evidence 404(b), 608, and 609. (Dkt. 27-1 at 17). The government argues that such issues should be deferred "until motions in limine are heard by the District Court" but agrees "to disclose prior to trial, . . . and in accordance with the District Court's Pretrial Order, the specific nature of any evidence it intends to use under Fed. R. Evid. 404(b), 608 and 609." (Dkt. 29 at 17).

I agree with the government that the specific timing of the disclosures at issue is appropriately decided by the trial judge at the time of trial. *See, e.g., United States v. Watkins*, No. 18-CR-00131-LJV-MJR, 2019 WL 937856, at *10 (W.D.N.Y. Jan. 18, 2019), *adopted*, 2019 WL 936231 (W.D.N.Y. Feb. 26, 2019); *United States v. Newbern*, No. 15-CR-98G, 2017 WL 5507577, at *5 (W.D.N.Y. Nov. 16, 2017), *adopted*, No. 2017 WL 6061403 (W.D.N.Y. Dec. 7, 2017). I accordingly deny this motion without prejudice to renewal at a later stage of the proceedings.

### IV.    <u>Disclosure of Exculpatory Material</u>

Ellis has moved for disclosure of evidence pursuant to *Brady* and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972). (Dkt. 27-1 at 17-20). Ellis also seeks disclosure of law enforcement personnel files. (*Id.* at 28). Ellis has not identified any particular exculpatory material that he claims the government possesses and has failed to disclose.

The Court has previously issued an order in this case confirming the government's obligations under *Brady* and its progeny. (Dkt. 4). The government confirms its awareness of and compliance with its disclosure obligations, including confirming that all *Giglio* material will be disclosed at an appropriate time prior to

trial. (Dkt. 29 at 17-18).

"There is no pre-trial right to *Giglio* material, which specifically concerns impeachment," and "[c]ourts in the Second Circuit generally do not compel immediate disclosure of *Brady/Giglio* materials where (1) the Government represents it is aware of and will comply with its *Brady/Giglio* obligations, and (2) the Defense does not provide any reason for suspecting the Government will not comply." *United States v. Mohamed*, 148 F. Supp. 3d 232, 246 (E.D.N.Y. 2015). Ellis's motion for immediate disclosure of exculpatory materials (including law enforcement personnel files) is denied without prejudice, based on the government's representations and the lack of any evidence of a *Brady* or *Giglio* violation. *See United States v. Terrell,* No. S1 22-CR-343 (JMF), 2023 WL 7220736, at *2 (S.D.N.Y. Nov. 2, 2023) ("[T]o the extent that these motions seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, they are denied on the basis of the Government's representation that it has complied with its obligations and will continue to do so[.]").

## V.    Discovery, Disclosure, and Inspection

Ellis moves for various items of discovery. (Dkt. 27-1 at 20-28). The government represents that it has complied with its requirements under Federal Rule of Criminal Procedure 16 and has disclosed discoverable materials to the defense. (Dkt. 29 at 18). It also confirms that "[i]f further information becomes available, it will be forwarded promptly to the defendant consistent with Rule 16(c)." (*Id.*).

Pursuant to Rule 16, "[t]he Government must 'permit the defendant to inspect' any item that is 'material to preparing the defense.'" *United States v. Clarke*, 979 F.3d 82, 97 (2d Cir. 2020) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)). Evidence is material for purposes of Rule 16 "if it could be used to counter the government's case or to bolster

a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). It is the defendant's burden to make a *prima facie* showing of materiality under Rule 16. *Clarke*, 979 F.3d at 97.

Ellis has identified a handful of "Specific Requests" for discovery: (1) "GPS tracking information as to the location of officers who initially engaged the defendant on the date of [the] incident"; (2) "Any and all information relative to the individual referenced as 'Smoke' concerning allegations of his criminal activity on or about the date of the stop"; (3) "All Blue light camera videos in the vicinity of the scene of the offense one hour prior to the stop of the defendant"; (4) "The number of individuals charged with failing to have a bell on their bicycle in the City of Rochester from January 2023 to June 2025"; and (5) "A complete video of the events occurring at or near the Clinton Mart on the date of the stop, detention, and arrest on June 3, 2025 from the store's video cameras." (Dkt. 27-1 at 27-28). At oral argument, the government represented that it had turned over all blue light camera footage, the footage from the Clinton Mart store cameras, and relevant information it possesses related to "Smoke." With respect to the other specific items identified by Ellis, I find that he has not made a *prima facie* showing of materiality.

Nothing in the record before me suggests that the government has failed to comply with its discovery obligations under Rule 16 and I accordingly find no basis to order further disclosure by the government at this time. *See United States v. Santana*, No. 13 CR 147 KMW, 2015 WL 5781413, at *2 (S.D.N.Y. Oct. 1, 2015) ("The Court accepts the Government's affirmation that it has complied and will continue to comply with its Rule 16 obligations and thus denies [the defendant's] motion" for further discovery under Rule 16).

## VI.    <u>Preservation of Rough Notes</u>

Ellis moves for an order requiring preservation of law enforcement rough notes. (Dkt. 27-1 at 28). The government contends that it has no legal obligation to preserve or produce "notes of a government agent which are incorporated into a written report," but nevertheless states that it will "produce any and all rough notes relating to this investigation, to the extent that they exist, at the time that *Jencks* Act material is disclosed." (Dkt. 29 at 19). In other words, "[t]he Government essentially does not object to the request so long as it carries no implication that a legal obligation for preservation exists." *United States v. Wrobel*, No. 12-CR-125W, 2017 WL 3097611, at *15 (W.D.N.Y. July 21, 2017). The Court accordingly grants this request to that extent.

## <u>CONCLUSION</u>

For the foregoing reasons, Ellis's pre-trial motions (other than the motions to suppress) are resolved as set forth herein.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
      July 10, 2026