UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-vs-

RONDELL ELLIS,

Defendant.

**DECISION AND ORDER**

26-CR-6020-CJS-CDH

This case was referred by text order of the undersigned, entered September 18, 2025, to Magistrate Judge Colleen D. Holland ("Judge Holland") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), ECF No. 9. On April 29, 2026, Defendant filed an omnibus motion, ECF No. 27, seeking *inter alia* suppression of any physical evidence, including a 9 mm Luger caliber semiautomatic pistol, six rounds of ammunition, and a sample of his DNA (taken pursuant to a search warrant signed by Judge Holland) acquired by law enforcement on June 3, 2025. Defendant also seeks suppression of any statements he allegedly made on June 3, 2025, both during his initial encounter with law enforcement and after his arrest. Defendant relies on arguments relating to lack of reasonable suspicion, lack of probable cause, and "fruit of the poisonous tree." Additionally, as to any statements, Defendant maintains that he was not properly advised of his constitutional rights. Defendant also contends that he is entitled to the discovery requested in ¶ 1-5, p. 25 of his omnibus motion, ECF No. 27.

On July 10, 2026, Judge Holland filed a Report and Recommendation ("R & R"), ECF No. 32, recommending that Defendant's motions to suppress physical evidence and his motion to suppress statements be denied. In her R & R, Judge Holland found:

> In sum, the encounter between Ellis and the officers began consensually, with the officers approaching Ellis and asking him a few questions in a non-threatening manner. Then, when the officers engaged in a show of authority by indicating that Ellis would need to produce identification or be placed into handcuffs, Ellis did not submit but instead refused to comply and fled within seconds. Under these circumstances, Ellis was not cognizably seized by the officers at any point prior to his flight.

R & R, p.12. Alternatively, Judge Holland found that, "[i]n In the alternative, even if Ellis was seized within the meaning of the Fourth Amendment prior to fleeing from the police, that seizure was justified by reasonable suspicion." R & R, p.13, and that probable cause for Defendant's arrest existed when the firearm and ammunition at issue were found in the convenient store. R & R. p.19. As to statements, Judge Holland determined that Defendant "was not subject to custodial interrogation at any time prior to his flight from the police," and that Defendant was properly "provided with his *Miranda* warnings." R & R. p. 24

On that same date, July 10, 2026, Judge Holland also filed a Decision and Order ("D & O"), ECF No. 33, in which she stated:

> Ellis has identified a handful of "Specific Requests" for discovery: (1) "GPS tracking information as to the location of officers who initially engaged the defendant on the date of [the] incident"; (2) "Any and all information relative to the individual referenced as 'Smoke' concerning allegations of his criminal activity on or about the date of the stop"; (3) "All Blue light camera videos in the vicinity of the scene of the offense one hour prior to the stop of the defendant"; (4) "The number of individuals charged with failing to have a bell on their bicycle in the City of Rochester from January 2023 to June 2025"; and (5) "A complete video of the events occurring at or near the Clinton Mart on the date of the stop, detention, and arrest on June 3, 2025 from the store's video cameras." (Dkt. 27-1 at 27-28). At oral argument, the government represented that it had turned over all blue light camera footage, the footage from the Clinton Mart store cameras, and relevant information it possesses related to "Smoke." With respect to the other specific items identified by Ellis, I find that he has not made a *prima facie* showing of materiality.

> Nothing in the record before me suggests that the government has failed to comply with its discovery obligations under Rule 16 and I accordingly find no basis to order further disclosure by the government at this time.

D & O, p. 6 (citation omitted).

On August 21, 2026, Defendant filed "Defendant Rondell Ellis' Objections to and Appeal from the Magistrate's Report and Recommendations and Decision and Order dated July 10, 2026," ("Objections/Appeal"), ECF No. 36, in which he "appeals various lower court rulings including: [d]enial of the discovery requests of the defendant-P.5 of Decision and Order;" and "[d]enial of suppression of evidence motions-Pages 6-25 of Report." Objections/Appeal, p. 2.

As to Judge Holland's R & R, Defendant contends that,

> [u]nder the totality of circumstances, the conduct of law enforcement towards Mr. Ellis was violative of the defendant's Fourth Amendment right to be free from unlawful search or seizure. Law enforcement lacked reasonable suspicion or probable cause to stop, detain, or arrest Mr. Ellis on June 3, 2025.

Objections/Appeal, p. 2, and that,

> [f]or the reasons set forth herein, the government lacked reasonable suspicion or probable cause to arrest Mr. Ellis. Therefore, the subsequent search of the defendant Rondell Ellis should be suppressed as violative of his constitutional rights under the Fourth Amendment.

*Id*. at 7.

As to Magistrate Judge Holland's D & O, Defendant contends:

> With respect to the Decision and Order of Magistrate Holland, the lower court erred in failing to grant further discovery to the defendant. Specifically, paragraph P.1-5, page 25 of the motion sought:
>
> 1. GPS tracking information as to the location of the officers who initially engaged the defendant on the date of this incident.

2. Any and all information relative to the individual referenced as "Smoke" concerning allegations of his criminal activity on or about the date of the stop.

3. All Blue light camera videos in the vicinity of the scene of the offense one hour prior to the stop of the defendant. Referenced Exh. B, page 1 of 4.

4. The number of individuals charged with failing to have a bell on their bicycle in the City of Rochester from January 2023 to June 2025.

5. A complete video of the events occurring at or near the Clinton Mart on the date of the stop, detention, and arrest on June 3, 2025 from the store's video cameras. Referenced Exh.B, page 2 of 4.

Objections/Appeal, p.8.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R & R to which objections have been made. In that regard, the Court has considered the R & R, Defendant's objections, the transcript of the proceeding held on June 3, 2025, the body-warn came footage from June 3, 2025, and the video footage of defendant's custodial interrogation on June 3, 2025 (It appears that both footages were provided to Defendant as part of ECF No. 29). Upon such *de novo* review, the Court accepts Judge Holland's proposed findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether Judge Holland's D & O, as detailed above, was clearly erroneous or contrary to law. An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Chen v. Bd. Of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y.

2004) (internal quotations omitted).

After considering Judge Holland's D & O, Defendant's appeal, the transcript of the proceeding held before Judge Holland on June 10, 2026, the Court finds that her discovery rulings were neither clearly erroneous nor contrary to law.

Accordingly, the Court, upon *de novo* review, accepts Judge Holland's findings and recommendations detailed in her R & R, ECF No. 32, and denies Defendant's motion to suppress physical evidence and his motion to suppress statements, ECF No. 27. Further, the Court finds that Judge Holland's rulings in her D & O, ECF No. 33, were neither clearly erroneous or contrary to law, and that she correctly denied Defendant's discovery requests at issue, ECF No. 29.

IT IS SO ORDERED.

Dated: Rochester, New York
September 21, 2026

ENTER:

Charles J. Siragusa

CHARLES J. SIRAGUSA
United States District Judge